

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-26-2009

# USA v. Walter Tech

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-1732

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Walter Tech" (2009). *2009 Decisions.* Paper 1683.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1683

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-1732
_____

UNITED STATES OF AMERICA

v.

WALTER B. TECH,

Appellant.

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D. C. No. 03-07-cr-00120-001)
District Judge: Hon. Thomas I. Vanaskie

Submitted under Third Circuit LAR 34.1 (a)
on December 11, 2008

Before: McKEE, SMITH and ROTH, Circuit Judges

(Opinion filed: March 26, 2009)

O P I N I O N

**ROTH,** Circuit Judge:

Walter B. Tech appeals the 78-month sentence he received after pleading guilty to

violating 21 U.S.C. § 846.[1] Tech argues that his sentence was unreasonable because the Court did not adequately consider the factors in 18 U.S.C. § 3553(a). In particular, he contends his military service and that of his father should have been taken into consideration when determining his sentence. We assume the parties' familiarity with the facts and the record of prior proceedings, which we refer to only as necessary to explain our decision. For the reasons given below, we affirm the District Court's judgment of sentence in this matter.[2]

The District Court did not abuse its discretion in its determination of Tech's sentence. The District Court must consider each of the § 3553(a) factors and "'set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decision making authority.'" *United States v. Lessner,* 498 F.3d 185, 203 (3d Cir. 2007) (quoting *Rita v. United States,* 127 S. Ct. 2456, 2468 (2007)). The record shows that the District Court adequately considered all of the § 3553(a) factors, including the seriousness of the offense, Tech's criminal history, his

---

[1] Conspiracy to manufacture, distribute, and possess with intent to manufacture and distribute in excess of 500 grams of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). A second count for violating 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A) was dismissed.

[2] We review the procedural and substantive reasonableness of a sentence for abuse of discretion. *See Gall v. United States*, 128 S. Ct. 586, 597 (2007). A sentence "will be upheld as reasonable if the record as a whole reflects rational and meaningful consideration of the factors enumerated in 18 U.S.C. § 3553(a)." *United States v. Schweitzer*, 454 F.3d 197, 204 (3d Cir. 2006).

generally steady employment, and his time in the military and the injuries he sustained as a result of it. The District Court found the seriousness of the offense, however, outweighed any mitigating factors in assigning the sentence. Accordingly, the 78-month sentence, which was slightly lower than the suggested guidelines range and markedly lower than the ten-year statutory mandatory minimum sentence, was reasonable.

For the foregoing reasons, we will affirm the District Court's judgment of sentence.